IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00361-BNB

LINWOOD LANEZ LAWRENCE,

    Plaintiff,

v.

CIARAN REDMOND,
THOMAS GREEN, 00074, and
MITCHELL R. MORRISSEY,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 9 2007

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

On February 13, 2007, Plaintiff Linwood Lanez Lawrence submitted to the Court a *pro se* Complaint. The Court must construe the Complaint liberally, because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

In the Complaint, Mr. Lawrence raises three claims. In Claim One, he asserts th that he interrupted a domestic violence act dispute taking place in a parking lot between Defendant Ciaran Redmond and a woman. He further asserts that Defendant

Redmond directed racial slurs at him, threatened him, and pulled a knife on him. In Claim Two, Plaintiff asserts that Defendant Thomas Green interviewed him about the incident and without cause falsely arrested him. Plaintiff further contends that Defendant Green racially discriminated against him during the interview which resulted in his false arrest. In Claim Three, Plaintiff asserts that Defendant Mitchell R. Morrissey is maliciously prosecuting him with assault charges and in doing so is racially discriminating against him. Plaintiff seeks money damages and dismissal of the charges.

With respect to Claim Two, the claim as asserted against Defendant Green will be drawn to a district judge and to a magistrate judge.

As for Claim One, pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the defendant has violated his rights under the Constitution and laws of the United States while he acted under color of state law. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who " 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.' " *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element, Mr. Lawrence must show that he was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.* Defendant Redmond's actions are not attributable to the state. He, therefore, is an inappropriate party to the action.

As for Defendant Morrissey's prosecutorial activities in Plaintiff's state criminal case, he enjoys immunity from suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Lawrence's allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendant Morrissey also is an inappropriate party to the action.

Furthermore, with respect to any claims that Plaintiff sets forth regarding a malicious prosecution, his claims for monetary damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into

question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Accordingly, it is

ORDERED that Defendants Ciaran Redmond and Mitchell R. Morrissey are dismissed from the action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Ciaran Redmond and Mitchell R. Morrissey from the docketing record as parties to this action. It is

FURTHER ORDERED that the claim asserted against Defendant Thomas Green shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 28 day of March, 2007.

BY THE COURT:

/s/ Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00361-BNB

Linwood Lawrence
Prisoner No. 1511080
Denver County Jail
P.O. Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/29/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk