IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00361-WYD-CBS

LINWOOD LAWRENCE,
    Plaintiff,
v.

THOMAS GREEN,
    Defendant.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Mr. Lawrence's "Motion to Request Court Appointed Counsel" (filed June 15, 2007) (doc. # 34); and (2) Mr. Lawrence's "Motion to Produce Documents" (filed June 15, 2007) (doc. # 35). Pursuant to the Order of Reference dated April 6, 2007 (doc. # 11) and the memorandum dated June 15, 2007 (doc. # 36), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, the entire case file and the applicable law and is sufficiently advised in the premises.

1.    Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

    Whether to request counsel is left to the sound discretion of the trial court. *Rucks*

1

*v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights."  *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted).  In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill*, 393 F.3d at 1115 (citation omitted).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."  *Hill*, 393 F.3d at 1115 (citation omitted).

The court has given careful consideration to Mr. Lawrence's request for appointed counsel and to all of the appropriate factors.  As a *pro se* litigant, Mr. Lawrence is afforded a liberal construction of his papers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Mr. Lawrence's allegations do not raise complex legal issues.  The court does not find a sufficient basis to warrant the appointment of counsel at this stage of the litigation.  The court is within its discretion in declining to request counsel to represent Mr. Lawrence.

2.    On June 15, 2007, the court gave Mr. Lawrence permission to file a motion for leave to amend his complaint and a proposed Second Amended Complaint.  An answer has not been filed and a Scheduling Conference has not been set.  Mr. Lawrence's request for documents is properly denied as premature.  *See* Fed. R. Civ. P. 26.

Accordingly, IT IS ORDERED that:

1.    Mr. Lawrence's "Motion to Request Court Appointed Counsel" (filed June 15, 2007) (doc. # 34) is DENIED.

2.    Mr. Lawrence's "Motion to Produce Documents" (filed June 15, 2007) (doc. # 35) is DENIED.

DATED at Denver, Colorado, this 18th day of June, 2007.

BY THE COURT:

    s/Craig B. Shaffer  
    United States Magistrate Judge