IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00361-WYD-CBS

LINWOOD LAWRENCE,
    Plaintiff,
v.

THOMAS GREEN,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Defendant Green's Motion for Judgment on the Pleadings (filed July 31, 2007) (doc. # 41). Pursuant to the Order of Reference dated April 6, 2007 (doc. # 11) and the memorandum dated July 31, 2007 (doc. # 43), the Motion was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Lawrence's Response (filed August 20, 2007) (doc. # 45), Defendant Green's Reply (filed August 29, 2007) (doc. # 46), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Proceeding *pro se*, Mr. Lawrence filed this civil action on or about February 21, 2007, alleging three claims pursuant to 42 U.S.C. § 1983. (*See* original Complaint (docs. # 3 and # 5)). On March 29, 2007, District Judge Weinshienk dismissed all claims and Defendants except a single claim against Defendant Green. (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge" (doc. #

8)).

In response to Defendant Green's Motion for a More Definite Statement (*see* doc. # 15), Mr. Lawrence filed an Amended Complaint on May 14, 2007. (*See* doc. # 18). Defendant Green filed a Second Motion for a More Definite Statement (doc. # 19). Mr. Lawrence then tendered a Second Amended Complaint. (*See* doc. # 29). Defendant Green then filed a Motion to Strike Mr. Lawrence's tendered Second Amended Complaint. (*See* doc. # 31). The court held a hearing on June 15, 2007. (*See* Courtroom Minutes/Minute Order (doc. # 33)). The court permitted Mr. Lawrence up to July 16, 2007 to file a motion to amend and an Amended Complaint. (*See* Courtroom Minutes/Minute Order (doc. # 33)). Without filing a motion to amend, Mr. Lawrence filed his Second Amended Complaint on July 16, 2007. (*See* doc. # 38).

Mr. Lawrence alleges that this action arose out of his arrest in the City and County of Denver on October 26, 2006 and his subsequent prosecution for assault in the first degree pursuant to Colo. Rev. Stat. § 18-3-202. (*See* doc. # 38 at pp. 2, 4 of 11). Mr. Lawrence alleges that he ultimately pled guilty to a misdemeanor charge. (*See* doc. # 38 at p. 3 of 11). Mr. Lawrence's Second Amended Complaint against Defendant Green alleges: (1) false arrest based on "racism and racial discrimination;" (2) "depraved indifference and negligence" that caused Mr. Lawrence to lose his employment; (3) "libel and sander;" and (4) "malicious prosecution." (*See* doc. # 38). As relief, Mr. Lawrence seeks substantial monetary damages. (*See id.*). Defendant Green filed his Motion for Judgment on the Pleadings on July 31, 2007.

II.     Standard of Review

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[1] "A motion for judgment on the pleadings is designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered based on the content of the pleadings and any facts of which the court will take judicial notice." *Hamilton v. Cunningham*, 880 F. Supp. 1407, 1410 (D. Colo. 1995) (citations omitted). "In reviewing a Rule 12(c) motion, all well-pleaded material allegations of the opposing party's pleading[s] are to be taken as true, and all allegations of the moving party [that] are denied are taken as false. Judgment on the pleadings may be granted only if, on the facts so admitted, the moving party is clearly entitled to judgment." *Hamilton v. Cunningham*, 880 F. Supp. at 1410 (internal quotation marks and citation omitted).

III.    Analysis

A.     False Arrest

Mr. Lawrence appears to allege that Defendant Green illegally arrested him without probable cause, based on "racism and racial discrimination," in violation of his Fourth Amendment rights. (*See* Second Amended Complaint (doc. # 38) at p. 2 of 11). Mr. Lawrence alleges that Defendant Green did not have probable cause to arrest him because he "had factual evidence written by alleged victim Ciaren Redmond stating that Linwood Lawrence (Plaintiff) was not the person who assaulted him . . . ." (*See*

---

[1] Defendant Green has not yet filed an Answer.

Second Amended Complaint (doc. # 38) at p. 2 of 11).

To maintain a false arrest claim under § 1983, Mr. Lawrence must demonstrate the elements of a common law claim and show that his Fourth Amendment right to be free from unreasonable search and seizure has been violated. *See Pierce v. Gilchrist*, 359 F.3d 1279, 1289 (10th Cir. 2004) (When evaluating a § 1983 claim based on a common law tort, the elements of the tort serve "as an important guidepost for defining the constitutional cause of action," but "the ultimate question is always whether the plaintiff has alleged a constitutional violation.") (citation omitted). *See also Walker v. Briley*, 140 F. Supp. 2d 1249, 1257 n. 6 (N.D. Ala. 2001) (while the "core issue with respect to any section 1983 claim is whether a constitutional violation occurred, not whether the elements of a particular common law tort can be made out, . . . common law is often a proper starting point for examining the elements and immunities applicable to section 1983 claims"). A claim for false arrest cannot stand if there was probable cause to arrest. *Rose v. City & County of Denver*, 990 P.2d 1120, 1123 (Colo. App. 1999). *See also Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985) (affirming directed verdict on § 1983 claim for unlawful arrest where probable cause existed for arrest).

"[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citations omitted). "Probable

cause exists 'where facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing that an offense has been or is being committed.' " *Marshall*, 345 F.3d 1157, 1166 (10th Cir. 2003) (quoting *Karr*, 774 F.2d at 1031). "Determinations of probable cause are naturally based on probabilities, and a finding of probable cause 'does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime.' " *United States v. Funches*, 327 F.3d 582, 586 (7th Cir. 2003) (internal quotation marks and citation omitted).

"The proper inquiry in a § 1983 claim based on false arrest is not whether the person arrested actually committed an offense, but whether the arresting officer had probable cause to believe that he had." *Crawford v. City of Kansas City, Kansas*, 952 F. Supp. 1467, 1474 (D. Kan. 1997) (citation omitted). Mr. Lawrence has attached to his Second Amended Complaint the statement of the victim, Ciaren Redmond, that indicates he "could not positively identify" the suspect because "it was dark and he had on a hat." (*See* Second Amended Complaint (doc. # 38) at p. 6 of 11). Mr. Redmond's statement is not conclusive that Mr. Lawrence was not the person who assaulted him. The facts alleged by Mr. Lawrence do not negate the existence of probable cause for Mr. Lawrence's arrest. Mr. Lawrence "merely disagrees with the credibility decisions, inferences and conclusions that [Defendant Green] elected to draw from those facts." *Spalsbury v. Sisson*, 2007 WL 2705722 at * 7 (10th Cir. Sept. 11, 2007). Mr. Lawrence's allegations do not state a claim for lack of probable cause for arrest. As

probable cause to arrest is a complete defense to Mr. Lawrence's claim for false arrest, Defendant Green is entitled to judgment on the pleadings on Mr. Lawrence's claim for false arrest. *See Morfin v. City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003) ("probable cause to arrest precludes a § 1983 suit for false arrest.") (citations omitted).

Further, in *Heck v. Humphrey*, the Supreme Court held that where a state prisoner seeks damages in a § 1983 action and judgment in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. 512 U.S. 477, 486-87 (1994).

Mr. Lawrence alleges that the criminal proceeding against him ended when the state agreed to drop certain charges against him in return for his guilty plea to a misdemeanor charge. (*See* Second Amended Complaint (doc. # 38) at p. 3 of 11). A finding for Mr. Lawrence on his claim for false arrest would necessarily imply the invalidity of his guilty plea. *See, e.g.*, *Franklin v. Thompson*, 981 F.2d 1168, 1170 (10th Cir. 1992) ("plaintiff's misdemeanor convictions foreclose her from challenging the legality of her arrest in a subsequent civil action"). Because Mr. Lawrence cannot demonstrate that the prior criminal proceeding was terminated in his favor, his claim for false arrest is also precluded by *Heck*.

B.   Malicious Prosecution

Mr. Lawrence's only constitutional remedy for a claim of malicious prosecution under § 1983 is under the Fourth Amendment. *Albright v. Oliver*, 510 U.S. 266, 271-75

(1994) (plurality).  In the Tenth Circuit, "state law provides the starting point for analyzing a Fourth Amendment claim for malicious prosecution under § 1983." *Erickson v. Pawnee County Board of County Commissioners*, 263 F.3d 1151, 1154 (10th Cir. 2001) (citation omitted).  *See also Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996) ("our circuit takes the common law elements of malicious prosecution as the 'starting point' for the analysis of a § 1983 malicious prosecution claim, but always reaches the ultimate question, which it must, of whether the plaintiff has proven a constitutional violation.") (quoting *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996).  To maintain a malicious prosecution claim under § 1983, a plaintiff must demonstrate the elements of a common law claim and show that his Fourth Amendment right to be free from unreasonable search and seizure has been violated.  *Taylor*, 82 F.3d at 1561.

An essential element of a malicious prosecution claim under Colorado law is that there was no probable cause for the charges against the plaintiff.  *See Walford v. Blinder, Robinson & Co.*, 793 P.2d 620, 623 (Colo. App.) ("To establish a claim for malicious prosecution, a plaintiff must prove by a preponderance of the evidence that the defendant was a party to or assisted in a criminal or civil proceeding against the plaintiff, that the proceeding was resolved in favor of plaintiff, that there was no probable cause for the proceeding, that the defendant was actuated by malice in instituting the proceedings, and that the plaintiff was damaged thereby.") (citations omitted)).  As the court has determined that the Second Amended Complaint does not state a claim for lack of probable cause for the arrest, Mr. Lawrence's claim for

malicious prosecution fails.

Further, a judgment in Mr. Lawrence's favor on his claim that Defendant Green engaged in malicious prosecution "would necessarily imply the invalidity of his conviction or sentence; . . ." *Williams v. Schario*, 93 F.3d 527, 529 (8th Cir. 1996) (citing *Heck*, 512 U.S. at 486). As success on Mr. Lawrence's § 1983 cause of action would necessarily imply the invalidity of his conviction, and because he has presented no evidence to suggest that his conviction or sentence has already been invalidated, his claim for malicious prosecution is also precluded by *Heck.*

C.   Defamation

Mr. Lawrence further alleges that Defendant Green "made libelist statements against Plaintiff" and seeks judgment "for libel and slander." (Second Amended Complaint (doc. # 38) at p. 2 of 11).

Defamation alone does not amount to an actionable § 1983 claim. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation"). *See also Paul v. Davis*, 424 U.S. 693, 708-09, 711 (1976) (requiring an allegation of deprivation of a constitutionally guaranteed, tangible liberty or property interest or alteration of status in addition to and as a result of the alleged defamation -- and not merely collateral to it -- in order for a plaintiff to state a claim actionable under Section 1983). The facts alleged by Mr. Lawrence "reflect the existence of probable cause for his arrest, and plaintiff is therefore unable to show any falseness in relation to his arrest." *Spalsbury*

*v. Sisson*, 2007 WL 2705722 at * 7 (quoting report and recommendation of Magistrate Judge). Mr. Lawrence cannot show an injury to his reputation in connection with the deprivation of a federally protected right. Nor can Mr. Lawrence show that Defendant Green defamed him with false information. Thus, Mr. Lawrence fails to state a cognizable claim for defamation under § 1983.

D.     Negligence

Mr. Lawrence alleges that Defendant Green acted "with depraved indifference and negligence of facts from the mouth and written statement from Ciaren Redmond (victim) . . . ."   (Second Amended Complaint (doc. # 38) at p. 2 of 11).

Claims of § 1983 liability may not be predicated on negligence. *Daniels v. Williams*, 474 U.S. 327, 330, 106 S. Ct. 662 (1986). *See also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"). To the extent that Mr. Lawrence's Second Amended Complaint is based upon negligent conduct, Defendant Green is entitled to judgment on the pleadings.

IV.    Conclusion

Accordingly, IT IS RECOMMENDED that Defendant Green's Motion for Judgment on the Pleadings (filed July 31, 2007) (doc. # 41) be GRANTED and that this civil action be DISMISSED with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The District Judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The District Judge may accept, reject, or modify, in whole or in part, the recommendations or findings made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's

recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 3rd day of October, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge